IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **KURT F. WILKENING,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 7:10-CV-122 (HL) |
| | : | |
| **VEOLIA ES EVERGREEN LANDFILL,** | : | |
| **INC., a Georgia corporation; VEOLIA** | : | |
| **ES PECAN ROW LANDFILL, LLC, a** | : | |
| **Georgia limited liability corporation;** | : | |
| **and VEOLIA ENVIRONMENTAL** | : | |
| **SERVICES NORTH AMERICA CORP.,** | : | |
| **a Delaware corporation,** | : | |
| | : | |
| **Defendants.** | : | |

_____

## ORDER

On October 20, 2010, Plaintiff, Kurt F. Wilkening, filed this matter in the Valdosta Division of the United States District Court for the Middle District of Georgia, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. When a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as Plaintiff is attempting to establish

jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

Plaintiff alleges that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Plaintiff states that he is a resident of the State of Florida and resides at 243 Robin Drive, Sarasota, Florida. Plaintiff alleges that Defendant Veolia ES Evergreen Landfill, Inc. is a corporation created and existing under the laws of the State of Georgia, that Defendant Veolia ES Pecan Row Landfill, LLC is a limited liability company organized and existing under the laws of the State of Georgia, and that Defendant Veolia Environmental Services North America Corp. is a corporation created and existing under the laws of the State of Delaware.

There is no statutory definition of citizen with regard to natural persons. Federal courts hold that an individual's citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile requires one's physical presence within the state with the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. at 1257-58 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Furthermore, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1957, 1608

(1989). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992).

For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C. § 1332(c)(1). Thus, pursuant to § 1332, a corporation may be deemed to be a citizen of more than one state. To establish the citizenship of a domestic corporation, a party must allege both the state of incorporation and state of the corporation's principal place of business.

The citizenship of a limited liability company is not determined in the same manner as a corporation, however. In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one state. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any

3

claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). In examining the jurisdictional allegations presented in the complaint, the Court finds they are sorely lacking in many respects. First, Plaintiff failed to establish his citizenship. Second, Plaintiff failed to identify the states of the principal places of business for Defendants Veolia ES Evergreen Landfill, Inc. and Veolia Environmental Services North American Corp. Finally, Plaintiff failed to provide the citizenship of all the members of Defendant Veolia ES Pecan Row Landfill, LLC.

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiencies noted. Accordingly, the Plaintiff shall have until November 1, 2010 in which to file an amendment that conforms to the findings of this Order. With regard to Defendant Veolia ES Pecan Row Landfill, LLC, however, this does not mean that Plaintiff is to make a blanket statement that the members of the LLC are each citizens of a certain state. Plaintiff is to identify each member of the LLCs and provide his, her, or its place of citizenship.

Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 21st day of October, 2010.

        *s/ Hugh Lawson*
        **HUGH LAWSON, SENIOR JUDGE**

mbh