**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**KURT F. WILKENING,**

Plaintiff,

v.

Civil Action 7:10-CV-122 (HL)

**VEOLIA ES EVERGREEN LANDFILL, INC., a Georgia corporation; and VEOLIA ES PECAN ROW LANDFILL, LLC, a Georgia limited liability corporation,**

Defendants.

**ORDER**

Before the Court is Plaintiff's Motion to Strike the Affidavit and Testimony of James W. Swistock (Doc. 68). The Motion is opposed by Defendants. For the reasons discussed herein, the Motion is denied.

On October 20, 2010, Plaintiff filed a complaint for damages and declaratory judgment. Pursuant to an order from the Court, Plaintiff filed an amended complaint on October 28, 2010. Defendants filed their answer on November 24, 2010.

The Court entered a Scheduling and Discovery Order on January 24, 2011. The parties had already made their initial disclosures under Fed. R. Civ. P. 26(a) at that time. Discovery was set to end on May 24, 2011, and dispositive motions were to be filed on or before July 9, 2011.

Plaintiff timely filed his motion for summary judgment. On August 1, 2011, Defendants filed their response in opposition to Plaintiff's dispositive motion.

Attached to Defendants' response is an affidavit from James W. Swistock, who was was an original signatory to the 1991 Royalty Agreement on which this lawsuit is based. In his affidavit, Swistock discusses the Royalty Agreement, his understanding understanding of certain terms contained in the Agreement, and the intent of the original contracting parties to the Agreement. Plaintiff has now moved to strike Swistock's affidavit and testimony from the case under Fed. R. Civ. P. 37 for Defendants' failure to identify Swistock in their Rule 26 initial disclosures.

Rule 26(a) states that a party must provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). A party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

There is no dispute that Defendants did not identify Swistock in their initial Rule 26 disclosures as someone Defendants may use to support their claims or defenses. Further, it is undisputed that Defendant did not supplement their disclosures to include Swistock. Plaintiff contends that Swistock's affidavit should be

2

be stricken because Defendants failed to properly disclose him as a potential witness.

Rule 37, which outlines various sanctions a court can impose if a party fails to make discovery disclosures, states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

In ruling on the exclusion of a witness or his testimony, a district court is to consider: (1) the importance of the testimony; (2) the reason for the party's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness is allowed to testify. Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1353 (11th Cir. 2004).

The first factor is the importance of the testimony. It is clear to the Court that that Swistock's testimony is very important. He signed the Royalty Agreement, and and has information regarding the parties' intentions when the Agreement was drafted and signed. Swistock's testimony goes to the heart of the case.

3

The second factor is the reason for Defendants' failure to disclose the witness earlier. Defendants state that they did in fact disclose Swistock through telephone conversations between counsel and in writing in a request to extend discovery to depose Swistock. Defendants further state that Plaintiff was already aware of Swistock, as shown through Plaintiff's disclosure of his name in Plaintiff's discovery responses, and through the fact that both Plaintiff and his counsel both spoke with Swistock on the telephone a number of times.

The final factor is the prejudice to Plaintiff if Swistock is allowed to testify. Plaintiff has not had the opportunity to depose Swistock. According to Plaintiff, the information contained in Swistock's affidavit is completely different from what he and his counsel discussed with Swistock earlier this year. However, this case is not yet set for trial, and briefing on Plaintiff's Motion for Summary Judgment is not complete. The Court believes that any prejudice to Plaintiff can be offset by allowing Plaintiff to depose Swistock prior to Plaintiff filing his reply brief in support of his summary judgment motion.

However, the Court will not let Defendants escape unscathed for their failure failure to amend their initial disclosures to identify Swistock as someone Defendants Defendants intended to use to support their defenses.[1] Defendants are ordered to

---

[1] Defendants spend a great deal of their response brief arguing that Plaintiff failed to comply with his discovery responsibilities. But in the Court's opinion, what Plaintiff did or did not do in relation to his discovery responses is irrelevant for purposes of deciding the Motion now before the Court. "Litigants are not excused from their obligations under the rules of procedure merely because an

to produce Swistock for a deposition not later than October 28, 2011, at Defendants' Defendants' expense, at a time and place convenient for Plaintiff. Defendants will also be responsible for paying the court reporter fees and cost of an expedited transcript for the deposition. If Defendants fail to make Swistock available for deposition by this deadline at a time and place convenient for Plaintiff, the Court will will exclude Swistock's testimony under Rule 37(c)(1).

Plaintiff's Motion to Strike the Affidavit and Testimony of James W. Swistock (Doc. 68) is denied. Discovery is re-opened for the limited purpose of the deposition of Swistock. No further discovery will be allowed. Plaintiff is to file his reply brief in support of his summary judgment no later than 14 days after the deposition of Swistock.

**SO ORDERED**, this the 3rd day of October, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

opponent has failed to comply with his obligations." Hoyle v. Freightliner, LLC, 650 F.3d 321 (4th Cir. 2011) (quotation omitted).