**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **KURT F. WILKENING,**<br><br>         Plaintiff,<br><br>v.<br><br>**VEOLIA ES EVERGREEN LANDFILL, INC., a Georgia corporation; and VEOLIA ES PECAN ROW LANDFILL, LLC, a Georgia limited liability corporation,**<br><br>         Defendants. | Civil Action 7:10-CV-122 (HL) |

**ORDER**

The Court held a hearing on February 22, 2012 to determine the amount of damages to which Plaintiff is entitled.

Upon review of the documentary evidence provided, along with the testimony of Joseph Stevens, the Court finds that Plaintiff is entitled an award of unpaid host fees in the amount of $707,411.01. Plaintiff is also entitled to post-judgment interest at the applicable rate. Plaintiff's request for attorney's fees is denied.

The real dispute is whether Plaintiff is entitled to recover pre-judgment interest on the award of $707,411.01. Under Georgia law, "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand." O.C.G.A. § 7-4-15. Mandatory pre-judgment interest under O.C.G.A. § 7-4-15 is allowed only on liquidated claims. Kitchen Intern., Inc. v. Evans Cabinet Corp., 310 Ga. App. 648, 655, 714 S.E.2d 139

(2011). For damages to be liquidated, the damages must be in a certain and fixed amount, "a sum which cannot be changed by proof; it is so much or nothing." GMC Group, Inc. v. Harsco Corp., 304 Ga. App. 183, 183(1), 695 S.E.2d 702 (2010) (citation and punctuation omitted). "Mere conclusory allegations of the amount owed are insufficient to render the damages liquidated; '[o]therwise every case where a specific amount is stated in the complaint as due and owing would be turned into a liquidated amount by the default.'" Id. (quoting T.A.I. Computer v. CLN Enters., 237 Ga. App. 646, 647(1)(a), 516 S.E.2d 340 (1999)). "A demand is not liquidated where its amount could only be established by a factfinder." Marchelleta v. Seay Const. Servs., Inc., 265 Ga. App. 23, 27, 593 S.E.2d 64 (2004) (quotations and punctuation omitted).

The Court finds that the damages in this case were unliquidated, which means Plaintiff is not entitled to pre-judgment interest under O.C.G.A. § 7-4-15. While Plaintiff was entitled to $1 per ton of waste delivered to the Pecan Row Landfill, the ultimate amount due him was not definite until the entry of this Order, and was changed by the proof. The Court agrees with Defendant that if the damages were in fact liquidated, it would not have been necessary for Plaintiff to engage Mr. Stevens to calculate the amount due as a result of the contract breach. Plaintiff's damages have only become liquidated upon entry of this Order, which means Plaintiff is not entitled to pre-judgment interest.

While O.C.G.A. § 13-6-13 provides for the allowance of pre-judgment interest in breach of contract cases, even where the damages are not liquidated, Braner v. S.

Trust Ins. Co., 255 Ga. 117, 119(1), 335 S.E.2d 547 (1985), the Court declines to award pre-judgment interest in this case.

The Clerk of Court is directed to enter judgment in Plaintiff's favor in the amount of $707,411.01, with post-judgment interest to accrue at the Court's standard rate.

**SO ORDERED**, this the 7th day of March, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh